**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

JUDICIAL WATCH, INC.,          )
425 Third Street, S.W., Suite 800   )
Washington, DC   20024,        )
                       )
           Plaintiff,      )       Civil Action No.
                       )
v.                         )
                       )
UNITED STATES DEPARTMENT OF  )
HOMELAND SECURITY,     )
601 South 12th Street        )
Arlington, VA 22202,       )
                       )
           Defendant.     )
_____)

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant United States Department of Homeland Security to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").   As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.     The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3.     Plaintiff is a non-profit, educational foundation organized under the laws of the District of Columbia and having its principal place of business at 425 Third Street, S.W., Suite 800, Washington, DC 20024.   Plaintiff seeks to promote integrity, transparency, and accountability in government and fidelity to the rule of law.   In furtherance of its public interest

mission, Plaintiff regularly requests access to the public records of federal, state, and local

government agencies, entities, and offices, and disseminates its findings to the public.

4.     Defendant is an agency of the United States Government and is headquartered at

United States Department of Homeland Security, 601 South 12th Street, Arlington, VA 22202.

Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.     On September 24, 2012, Plaintiff sent a FOIA request to U.S. Immigration and

Customs Enforcement ("ICE"), a component of Defendant, seeking access to the following:

1.     Any and all records concerning or relating to family
planning or birth control prescribed or disbursed to detainees
in ICE's custody, including but not limited the types of
family planning or birth control prescribed or disbursed to
detainees and statistical compilations of the number of
detainees who were prescribed or received family planning
or birth control while in ICE's custody

2.     Any and all records concerning or relating to the termination
of pregnancies by female detainees in ICE's custody,
including but not limited to statistical compilations of the
number of detainees who terminated a pregnancy while in
ICE's custody;

3.     Any and all records concerning or relating to transportation
arranged or provided by ICE to female detainees in ICE's
custody for purposes of receiving abortion services (medical
appointments, religious counseling, medical resources, and
social counseling, etc.), including but not limited records
identifying the type of abortion services and statistical
compilations of the number of female detainees receiving
such transportation;

4.     Any and all records concerning or relating to the termination
of a pregnancy by a female detainee in ICE's custody for
which ICE assumed the costs associated with the
termination, including but not limited to statistical

> compilations of the number of terminated pregnancies the costs of which were assumed by ICE; and

> 5.      Any and all records concerning or relating to the costs associated with the health care services provided in Items 1-4 above.

6.      The request expressly stated that records were being sought for Fiscal Year 2011, or from October 1, 2010 through September 30, 2011.   The request also expressly stated that no information was being sought about the identity of any detainee who may have received any of the services in question or the identity of any health care provider who may have provided such services.

7.      By letter dated October 3, 2012, Defendant acknowledged receipt of Plaintiff's request and notified Plaintiff that the request had been assigned ICE FOIA Case Number 2013FOIA00087.   Defendant's acknowledgement letter also invoked a 10-day extension of time pursuant to U.S.C. § 552(a)(6)(B).   By separate letter also dated October 3, 2012, Defendant notified Plaintiff that Plaintiff's request for a fee waiver had been conditionally granted.

8.      Having invoked a 10-day extension of time, Defendant was required to determine whether to comply to Plaintiff's request within 30 days, excepting Saturdays, Sundays, and legal public holidays, pursuant to 5 U.S.C. § 552(a)(6)(A) and 552(a)(6)(B).   Pursuant to these same provisions, Defendant also was required to notify Plaintiff immediately of the determination, the reasons therefor, and the right to appeal any adverse determination to the head of the agency. Excluding weekends, the intervening Columbus Day holiday (October 8, 2012), and the two days that the Federal Government was closed because of Hurricane Sandy (October 29 and 30, 2012), Defendant was required to make its determination and provide Plaintiff with the requisite notifications by November 19, 2012.

- 3 -

9.      As of the date of this Complaint, Defendant has failed to notify Plaintiff of any determination about whether Defendant will comply with Plaintiff's request, the reasons for any such determination, or Plaintiff's right to appeal any adverse determination to the head of the agency.   Nor has Defendant produced any records responsive to the request, indicated when any responsive records will be produced, or demonstrated that responsive records are exempt from production.

10.     Because Defendant failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A), as extended pursuant to 5 U.S.C. § 552(a)(6)(B), Plaintiff is deemed to have exhausted any and all administrative remedies with respect to its FOIA request, pursuant to 5 U.S.C. § 552(a)(6)(C).

## COUNT 1
### (Violation of FOIA, 5 U.S.C. § 552)

11.     Plaintiff realleges paragraphs 1 through 10 as if fully stated herein.

12.     Defendant is unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. § 552.

13.     Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of requested records, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct a search for any and all responsive records to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records

withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:   December 17, 2012                    Respectfully submitted,

                                              JUDICIAL WATCH, INC.

                                              /s/ Paul J. Orfanedes
                                              D.C. Bar No. 429716
                                              425 Third Street, S.W., Suite 800
                                              Washington, DC 20024
                                              (202) 646-5172

                                              *Attorneys for Plaintiff*